STEIN, HALL & CO., Inc., Libellant,

v.

The SCINDIA STEAM NAVIGATION CO., Ltd., and United States Navigation Co., Inc., Respondents,

v.

INTERNATIONAL TERMINAL OPERATING CO., Inc., Impleaded-Respondent.

J. ARON & COMPANY, Inc., Libellant,

v.

JAVA PACIFIC LINE, INC., Medlloyd Line, N.V. Stoomvart Maatschappij "Nederland", Amsterdam, Koninklijke Rotterdamsche Lloyd, N.V. Rotterdam et al., Respondents,

v.

INTERNATIONAL TERMINAL OPERATING CO., Inc., Impleaded-Respondent.

BEMIS BROS. BAG CO., Inc., Libellant,

v.

SCINDIA STEAM NAVIGATION CO. and United States Navigation Co., Inc., Respondents,

v.

INTERNATIONAL TERMINAL OPERATING CO., Inc., Impleaded-Respondent.

Nos. 63 Ad. 200, 63 Ad. 548, 63 Ad. 700.

United States District Court
S. D. New York.

Jan. 31, 1967.

Bigham, Englar, Jones & Houston, New York City, for all libellants.

Rein, Mound & Cotton, New York City, for respondents in Stein, Hall and Bemis Bag suits.

Kirlin, Campbell & Keating, New York City, for respondents in J. Aron & Co. suit.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for impleaded-respondents in all suits.

MANSFIELD, District Judge.

This is a motion to consolidate three actions for damages, each based on alleged delivery of goods in a defective condition by a carrier by sea as the result of the flooding of Pier 1, Bush Terminal, on March 6 and 7, 1962. In the first suit, Stein, Hall & Co., Inc. sues The Scindia Steam Navigation Co., Ltd. ("Scindia" herein) and United States Steam Navigation Co., Inc. In the second, Bemis Bros. Bag Co., Inc. sues the same defendants. In the third case, J. Aron & Co., Inc. sues Java Pacific Line, Inc., Medlloyd Line, N.V. Stoomvart Maatschappij "Nederland" Amsterdam, and Koninklijke Rotterdamsche Lloyd, N. V. Rotterdam.

Although Scindia has asserted more affirmative defenses than the other original defendants, each has interposed certain defenses which are substantially the same. Each, for instance, asserts that at the time of the flood it had discharged the plaintiff's goods into the care and custody of the terminal operator, International Terminal Operating Company, Inc. ("International" herein) at the pier, and that any damage was not caused by any fault or breach of the ocean carrier's contract of carriage, but by acts beyond its control. In all three cases the defendant carrier has impleaded International as a third party defendant, claiming that if the plaintiff is entitled to recovery from the carrier, the latter has a right over against International based on the latter's breach of its obligation to furnish safe and suitable wharfage and terminal facilities for the storage of the goods.

Plaintiffs, whose counsel is the same in all three cases, have moved for an order of consolidation. This motion is opposed by defendants in the third action, Java Pacific Line, Inc., et al.

Rule 42(a), F.R.Civ.P. authorizes the Court to consolidate actions pending before the Court when they involve a common question of law or fact. The decision to consolidate such actions is within the discretion of the trial court. See Plough v. Baltimore & O. R. R. Co., 172 F.2d 396 (2d Cir.), cert. denied, 337 U.S. 940, 69 S.Ct. 1518, 93 L.Ed. 1745 (1949); Rando v. Luckenbach Steamship Co., Inc., 155 F.Supp. 220 (E. D.N.Y.1957). It must turn essentially on whether the common fact and law issues indicate that there would be a sufficient saving of time and effort on the part of the court and the parties to warrant a joint trial, when balanced against the inconvenience, delay or expense to the parties that might result from requiring each to attend trial of some issues in which it is not involved. In the present case it is true that proof of the original condition of each shipment, and the alleged damage to it, will be different for each party plaintiff; and there may be some different wrinkles in the arrangements between each shipper and carrier, and between each carrier and International. On the other hand, the evidence submitted indicates that the fundamental fact and law issues will be substantially similar, if not identical. The claims stem from the same flood on the same pier. It appears that each carrier will invoke substantially the same rights under standard bills of lading, and assert the same basic obligation against the same terminal operator.

The total amount of the three claims is $17,653.60. The trial will be non-jury. Undoubtedly time and effort on the part of the court would be saved if the three claims in such a limited amount were consolidated and tried before one judge rather than have three separate trials, possibly before different judges.

Under all the circumstances, the substantial saving in time, effort and expense that would result from trial of the common questions of fact and law outweighs the slight hardship that might result to the defendant Java from being required to attend trial of some issues in which it is not involved. Since the trial will be non-jury, no prejudice could result to Java from any difference between its contracts and those of the other carriers involved.

In the exercise of its discretion the Court believes that the cases should be consolidated. The motion is granted.

Settle order.