CONTINENTAL BANK & TRUST COM-
PANY, Plaintiff,

v.

OL. s. E. D. PLATZER et al., Defendants.

SHELL OIL COMPANY, Plaintiff,

v.

NATIONAL MARINE SERVICE, INC.,
Defendant.

Civ. A. Nos. 69-H-300, 69-H-756.

United States District Court
S. D. Texas,
Houston Division.

Oct. 14, 1969.

Civ. A. No. 69–H–300:

Schirmeyer & Kratochvil, L. Glen Kratochvil, Houston, Tex., for plaintiff.

Franklin, Kelly, Graham & Laughter, W. K. Graham, Houston, Tex., for defendants.

Civ. A. No. 69–H–756:

R. H. Whilden and C. E. Nadeau, Houston, Tex., for plaintiff.

Fulbright, Crooker, Freeman, Bates & Jaworski, Joseph Newton, Houston, Tex., for defendant.

INGRAHAM, District Judge.

Memorandum and Order:

Plaintiff, Continental Bank & Trust Company, instituted proceedings in C.A. 69–H–300 on April 4, 1969, against the tugs E. D. Platzer, Kitty H. and Lydia H. *in rem* and against B & K Towing Company and E. W. Platzer, *in personam,* the object of the suit being foreclosure of Preferred Ship's Mortgages on the three above named vessels. Numerous intervening complaints and claims have been filed in this case which has seen the three named vessels sold at auction and a portion of the proceeds therefrom deposited in the registry of this court.

Subsequently, on August 5, 1969, Shell Oil Company filed suit in this court against National Marine Service, Inc. in C.A. 69–H–756 for breach of an affreightment contract. Defendant, National Marine Service, Inc., had chartered the tug "Lydia H.", one of the vessels in the foreclosure proceeding, to assist the defendant in its performance of the affreightment contract. During the course of performance, the "Lydia H." is alleged to have collided with plaintiff's dock, seriously damaging it. National Marine Service, Inc., now moves this court to consolidate C.A. 69–H–300 with C.A. 69–H–756 on the basis that its claim of indemnity against the "Lydia H." in C.A. 69–H–300 and its posture as defendant in C.A. 69–H–756 present a common question of law or fact.

Consolidation is permitted as a matter of convenience and economy in judicial administration. While it is required that a common question of law or fact be present as a prerequisite to consolidation, the mere presence of a common question does not *require* consolidation. 2B Barron and Holtzoff, Federal Practice and Procedure, Sec. 941 (1961). The central issue to be litigated in C.A. 69–H–756 is the breach of affreightment contract or, in the alternative, the negligence of National Marine Service, Inc., in its chartering and control of the tug "Lydia H.". This issue is not central to C.A. 69–H–300 and is only subsidiarily related by the indemnity claim filed by National Marine Service, Inc., against the "Lydia H." in C.A. 69–H–300.

Assuming, *arguendo,* that there is a common question of law or fact sufficient to admit of consolidation, it is not believed that there would be a sufficient saving of judicial time and

effort to warrant a joint trial when balanced against the inconvenience, delay and confusion that might result from requiring each party to attend trial of some issues in which it is not involved. See, e. g., Stein, Hall and Co. v. Scindia Steam Navigation Co., 264 F.Supp. 499 (S.D.N.Y.1967).

More importantly, consolidation of these two suits would place National Marine Service, Inc., in the position of being both a plaintiff/claimant and a defendant in the same action. This circumstance should be carefully avoided. Atkinson v. Roth, 297 F.2d 570 (3 CA 1962).

For the foregoing reasons, the motion of National Marine Service, Inc., for consolidation is denied.