**Carmen Zoraida ARROYO, Plaintiff,**

v.

**Carlos CHARDON, etc., Defendants.**

**Civ. No. 79–75 (PG).**

United States District Court,
D. Puerto Rico.

June 18, 1981.

Ana Matilde Nin Torregrosa, Cancio, Nadal & Rivera, San Juan, P. R., for plaintiff.

Francisco R. Agraít Llado and Raúl Juan Escudero, Dept. of Justice, Com. of Puerto Rico, San Juan, P. R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Present before this Court is plaintiff's motion for consolidation, filed on May 21, 1981.[1] On June 2, 1981, defendants filed an opposition to plaintiff's motion for consolidation thereto.

Rule 42(a) of the Federal Rules of Civil Procedure provides in part:

"(a) Consolidation. When actions involving a common question of law or fact are

---

1. Plaintiff requests consolidation with the following cases:

1) *Evelyn Pingetti v. Carlos Chardón, etc.*, Civil No. 79–202;

2) *Hilda Benítez v. Carlos Chardón, etc.*, Civil No. 79–204;

3) *José A. Torres Pérez v. Carlos Chardón, etc.*, Civil No. 79–166;

4) *Benjamín Cordero v. Carlos Chardón, etc.*, Civil No. 79–175;

5) *Blanca González Marín v. Carlos Chardón, etc.*, Civil No. 79–177;

6) *Alvaro Crespo Méndez v. Carlos Chardón, etc.*, Civil No. 79–331;

7) *Antonia Betancourt v. Carlos Chardón, etc.*, Civil No. 79–365;

8) *José Meléndez Piñero v. Carlos Chardón, etc.*, Civil No. 79–363.

pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays."

 Rule 42(a) is designed to encourage consolidation where a common question of law or fact is present. 9 Wright and Miller, Federal Practice and Procedure, Section 2383, at pp. 260–261; *Close v. Calmar Steamship*, 44 F.R.D. 398 (E.D.Pa., 1968). The purpose of a consolidation for trial is to avoid: 1) overlapping trials containing duplicative proof; 2) excess cost incurred by all parties and the government; 3) the waste of valuable court time in the trial of repetitive claims; and 4) the burden placed on a new judge in gaining familiarity with the cases. *In re Viatron Computer Systems Corp. Litigation*, 86 F.R.D. 431 (D.Mass., 1980). But, the Court is given broad discretion to decide whether or not consolidation would be desirable. *Santucci v. Pignatello*, 188 F.2d 643 (D.C.C.A., 1951); *Moten v. Bricklayers, Masons & Plasterers International Union of America*, 543 F.2d 224 (D.C. Cir., 1976); *Bradley v. Soo Line R. Co.*, 88 F.R.D. 307 (E.D.Wis., 1980).

 Thus, it is for the Court to weigh the savings of time and effort that consolidation would produce against any inconvenient delay or expense that would be caused to the parties and the court involved therein. *Stein Hall & Co. v. Scindia Steam Nav. Co.*, 264 F.Supp. 499 (D.C.N.Y., 1967); *Continental Bank & Trust Co. v. Ols E. D. Platzer*, 304 F.Supp. 228 (D.C.Texas, 1969). Even though the Court takes a favorable view for consolidation, the fact that a common question is present and that consolidation is permissible under Rule 42(a), this does not mean that the Court must order consolidation in those cases. 9 Wright and Miller, Federal Practice and Procedure, Section 2383, at 260; *Continental Bank & Trust Co. v. Ols E. D. Platzer, supra.* Therefore, a court's denial of a motion for consolidation is purely discretionary and will not be reversed on appeal absent clear error or circumstances. *Franklin v. Shelton*, 250 F.2d 92 (10 Cir., 1957), cert. denied

355 U.S. 959, 78 S.Ct. 544, 2 L.Ed.2d 533 (1958); *Monk v. Kennedy*, 423 U.S. 886, 96 S.Ct. 163, 46 L.Ed.2d 118 (1975).

 In the present case plaintiff has filed a motion to consolidate her case with eight other cases, for trial, on the grounds that the complaints on these cases are very similar. In the complaints, plaintiffs allege that the defendants removed them from their supervisory positions in the Department of Public Education of the Commonwealth of Puerto Rico, during the 1977–78 school year and demoted plaintiffs to their previous positions solely because of their political association with the Popular Democratic Party, and that they would not have been removed and demoted but for such association. Thus, according to plaintiff, due to this fact there will be a substantial saving of time and judicial resources if the cases are tried together.

The defendants, who oppose the motion argue that plaintiffs' cases do not necessarily present a common factual and legal issue, and the constitutional guaranty of a fair trial devoid of confusion and prejudice to the jury outweighs the necessity of avoiding the expense and delay of trying cases individually.

In these nine cases the facts of political discrimination alleged in the complaints pursuant to 42 U.S.C. 1983 are identical to all plaintiffs, but the alleged acts of the defendants in each particular case upon which the plaintiffs' claims rest are indeed different to each one of them. Thus, the alleged political job discrimination in these 1983 actions must be proven by presenting evidence of specific acts in which defendants acted maliciously, wilfully, and in reckless disregard of plaintiffs' constitutional rights in each particular case. Furthermore, due to the number of cases involved, the presentation of numerous witnesses will be necessary on behalf of the plaintiffs in order to prove those specific acts which show defendants engaged in the alleged discriminatory practices against each plaintiff resulting in the deprivation of their constitutional rights since it is certain that each defendant's alleged contribution to plaintiffs' damage involves a separate set of

facts. This situation will result to the detriment of the jury's function to weigh and consider impartially the evidence presented in each particular case and it may result in prejudice to the parties' right to a fair day in court.

After considering the arguments presented by both parties, consolidation of the instant case with the eight cases aforementioned, is not proper since the rights of the parties would not be adequately protected. This is a jury action where the jury would be confused and overwhelmed to consider the evidence of each case and where the consolidation would not effect any appreciable saving of time or expenses since the defendants' alleged contribution to plaintiffs' damages involve proving separate set of facts. *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463 (S.D.N.Y., 1977); *Garber v. Randell*, 477 F.2d 711 (2 Cir., 1973). Therefore, the possible prejudice to defendants due to the likelihood of confusion in the minds of the jurors because of the similarity of issues alleged in the complaints and the possibility of different facts in each case outweigh the benefits of any possible convenience or economy to be obtained from consolidation. *Garber v. Randell, supra; Holbert v. AETNA Life Ins. Co.*, 14 F.R.D. 148 (M.D.Pa., 1953).

WHEREFORE, plaintiff's motion for consolidation, is hereby DENIED.

IT IS SO ORDERED.