Paul **BERNARDI**, Plaintiff,

v.

**CITY OF SCRANTON, et al.,
Defendants.**

James **FAWCETT, et al.,** Plaintiffs,

v.

**CITY OF SCRANTON, et al.,
Defendants.**

Civ. Nos. 83–0202, 83–0345.

United States District Court,
M.D. Pennsylvania.

Nov. 30, 1983.

John J. Brazil, Jr., Ralph Iori, Scranton, Pa., for plaintiffs in No. 83–0345.

Edmund J. Scacchitti, James A. Doherty, Jr., City of Scranton, Dept. of Law, Scranton, Pa., for defendants in No. 83–0345.

Thomas W. Jennings, Thomas H. Kohn, Sagot & Jennings, Philadelphia, Pa., for plaintiff in No. 83–0202.

William J. Hall, Edmund J. Scacchitti, City Sol., Samuel Bevilacqua, W. Boyd Hughes, Hughes, Nicholls & Moran, Louis D'Angelo, Edwin A. Abrahamsen, Abra-hamsen & Moran, Edward Dougher, Thomas J. Foley, Scranton, Pa., Thomas O'Hara, James G. McDonough, Carbondale, Pa., for defendants in No. 83–0202.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

The above-captioned actions were commenced by former employees of the City of Scranton who assert that their respective discharges violated their rights under state and federal law. The defendants have moved to consolidate these two actions.[1] For the reasons set forth below, the court will deny the motion for consolidation.

Plaintiff Bernardi filed his complaint in Civil No. 83–0202 on February 15, 1983. Bernardi was discharged from his position as Foreman of the Bureau of Highways of Scranton's Department of Public Works on March 24, 1982. According to the allegations contained in the complaint, Bernardi's discharge violated a number of his rights as secured by both federal and state law. Specifically, Bernardi asserted that his First Amendment rights were violated because his firing was allegedly prompted by a desire to retaliate against him for having supported Mayor McNulty's opponent in the 1981 election. In addition, Bernardi avers that his due process rights were violated because he was not afforded a civil service hearing prior to his termination as is purportedly required under various provisions of state law. Finally, noting that he was replaced by a younger individual, Bernardi alleges that his termination violated his rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

The plaintiffs in Civil No. 83–0345 commenced their action approximately one month after Bernardi's complaint was filed. Three of these plaintiffs were fired on September 17, 1982, some six months after Bernardi's termination. Another plaintiff in No. 83–0345 was terminated a few months before Bernardi's discharge. One

---

1. The defendants have represented that the plaintiffs in Civil No. 83–0345 do not wish to oppose the motion for consolidation. Plaintiff Bernardi, in Civil No. 83–0202, opposes the motion.

other plaintiff has since withdrawn from the action. The thrust of the complaint in No. 83–0345 appears to be that these plaintiffs were terminated because of their political beliefs and associations. *See* Civil No. 83–0345, Document 1 of the Record. Bernardi concedes that, with respect to these allegations, the pleading in No. 83–0345 "paraphrase[s]" his complaint. Significantly, however, no age discrimination claim is made. In addition, Bernardi emphasizes that he "was certified by the Scranton Municipal Civil Service Commission as possessing a nonexempt position, thereby entitling him to a hearing" prior to his termination. *See* Brief of Plaintiff Bernardi in Opposition to Defendants' Motion for Consolidation of Actions for Trial, at 6, Document 31 of the Record. Bernardi points out that none of the plaintiffs in No. 83–0345 have alleged that they have been certified as well.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." The question whether to consolidate actions is a matter for the discretion of the trial court. *See, e.g., Turner v. Transportacion Maritima Mexicana,* 44 F.R.D. 412, 415 (E.D.Pa.1968); 5 *Moore's Federal Practice* ¶ 42.02[1] at 42–4 (1982). In deciding whether to order consolidation, the trial court must balance the probable savings of time and effort against the likelihood that a party might be prejudiced, inconvenienced or put to extra expense. *See, e.g., Rohm & Haas Co. v. Mobil Oil Corp.,* 525 F.Supp. 1298, 1309 (D.Del.1981). "Although ... common issues [of law or fact] are a prerequisite to consolidation, the mere existence of these issues does not require a joint trial as a matter of course." *Id.; accord, Arroyo v. Chardon,* 90 F.R.D. 603, 605 (D.P.R.1981).

To support their assertion that the actions should be consolidated, the defend-ants argue that "[t]he key issue to be determined in both of these cases will be whether or not the individuals involved were employed in confidential or policy-making positions in the Department of Public Works of the City of Scranton. In order to make that determination, the fact finder in both actions must decide the work duties and responsibilities of the individuals involved." Defendants' Memorandum of Law at 1–2, Document 29 of the Record. Moreover, the defendants observe, one of the four plaintiffs in 83–0345 held the same position as did Bernardi in the Bureau of Highways.

Notwithstanding these arguments, the court does not believe that consolidation would be prudent here. While the defendants characterize the question whether plaintiffs held "policy-making" positions as the "key issue" to be resolved in both cases, the court concludes that the Bernardi case, at least at this point, appears to involve other equally-significant issues. Indeed, Bernardi has set forth theories of recovery in his case which are not present in Civil No. 83–0345. For instance, Bernardi's case includes an age discrimination claim. If the evidence presented in connection with this claim tends to support Bernardi's position, the question whether his employment involved "policy making" may very well assume very little relative importance. A similar point can be made concerning Bernardi's due process claim. While the plaintiffs in Civil No. 83–0345 allege that they were not afforded notice or a hearing prior to their respective discharges, they do not, as does Bernardi, set forth factual assertions regarding their entitlement to procedural protections. Specifically, Bernardi sets forth numerous allegations concerning state and federally-protected procedural rights, including an allegation that the municipality's civil service commission certified him as an employee covered by civil service rules.

These additional theories will undoubtedly require the presentation of evidence concerning factual circumstances not relevant in Civil No. 83–0345. In addition, if the cases were to be consolidated, these factual

presentations would have to be coordinated with the presentation of evidence concerning the circumstances surrounding the termination of each of the four plaintiffs in Civil No. 83–0345. This is significant, for the five plaintiffs in the cases were discharged at three different times during 1982. Finally, in connection with the purported "common issue" in the two cases, evidence would have to be presented concerning the degree to which each plaintiff's position involved "policy making." Since four different municipal positions are involved in these cases, the evidence as to each plaintiff will differ. While Bernardi held the same position as one of the plaintiffs in Civil No. 83–0345, the court does not accord this any great significance.

All of the factors mentioned above, taken together, counsel against consolidation of the two cases. Because of the discrete factual backgrounds with respect to each plaintiff and the additional legal theories set forth by plaintiff Bernardi, the likelihood of confusion in the minds of the jurors "outweigh[s] the benefit of any possible convenience or economy to be obtained from consolidation." *Arroyo v. Chardon,* 90 F.R.D. at 606. Accordingly, the motion for consolidation will be denied.

An appropriate Order will enter.