**Edwin VAZQUEZ RIVERA, Plaintiff**

**v.**

**CONGAR INTERNATIONAL CORP., Defendant.**

**Juan Miranda Ramos, Plaintiff**

**v.**

**Congar International Corp., Defendant.**

**Nos. 06–1912 (JP), 06–1913(JP).**

United States District Court, D. Puerto Rico.

Jan. 25, 2007.

Alicia M. Arana–Rivera, Esq., Charlotten & Arana PSC, Juan M. Frontera–Suau, Esq., San Juan, PR, for Plaintiff.

Fernán Quiterio Rodríguez–Rivera, Esq., Goldman, Antonetti & Córdova, San Juan, PR, for Defendant.

### ORDER

PIERAS, Senior District Judge.

In order to best serve judicial economy and save litigation costs, cases 06–1912(JP) and 06–1913(JP) will be consolidated.

Consolidation is a procedural device that does not alter the character of separate suits. *Gen. Contracting & Trading Co., LLC v. Interpole, Inc.,* 899 F.2d 109, 113 (1st Cir.1990). Rule 42(a) of the Federal Rules of Civil Procedure grants courts broad discretion to consolidate cases where there are common questions of law or fact. *Arroyo v. Chardon,* 90 F.R.D. 603, 605 (D.Puerto Rico 1981):

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). The purpose of consolidation is to avoid: (1) overlapping trials containing duplicative proof; (2) excess cost incurred by all parties and the government; (3) the waste of valuable court time in the trial of repetitive claims; and (4) the burden placed on a new judge in gaining familiarity with the cases. *Id.* at 60. The Court must weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause. *See* 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure,* § 2383 (1995).

Consolidation of 06–1912(JP) and 06–1913(JP) is proper because the cases meet the Rule 42(a) requirement of common issues of law or fact, and consolidation would reduce cost to the parties, and serve judicial economy. The cases were filed by two former employees of the defendant company Congar International Corporation. Both plaintiffs claim they were terminated from employment when the defendant instigated a criminal case against them by allegedly providing false information to the Puerto Rico Police Department. Given the common issues of fact, consolidation will expedite discovery. The Court may sever these cases at the trial stage if it deems severance proper to avoid confusion of the issues.

The Court **ORDERS** that the cases 06–1912(JP) and 06–1913(JP) be consolidated. From this date forward, all documents filed in this action must be filed under case numbered 06–1912(JP).

**IT IS SO ORDERED.**