Roxanne KELLY, Plaintiff,

v.

Jeffrey G. KELLY, Defendant.

Peter KELLY, Plaintiff,

v.

Stephen S. KELLY; Susan M. Kelly; Jeffrey G. Kelly; Linda Smythe Kelly, Defendants.

Nos. 95–CV–816, 95–CV–971.

United States District Court, N.D. New York.

Jan. 12, 1996.

Roxanne Kelly, Sanibel, Florida, Plaintiff Pro se.

McMillan, Rather, Bennett & Rigano, P.C., Melville, New York, for Defendants (Michael C. Schmidt, of counsel).

### MEMORANDUM–DECISION AND ORDER

HURD, United States Magistrate Judge.

## I. INTRODUCTION

The defendant, Jeffrey G. Kelly, has moved for a change of venue to the Southern District of New York of Action No. 1. He has also moved to consolidate the above two cases, and should consolidation be granted, to transfer venue of both cases to the Southern District. Plaintiff Roxanne Kelly is opposed to both motions.

## II. FACTS

Peter, Stephen, and Jeffrey Kelly are brothers involved in a dispute over the division of the estate of their mother, Harriet Kelly.

In Action No. 1, plaintiff Roxanne Kelly (Peter's wife), accuses her husband's brother (Jeffrey), of slander allegedly occurring dur-

ing a telephone conference call with several lawyers.[1] Plaintiff claims that defendant Jeffrey Kelly accused her of having forged Harriet Kelly's signature on legal documents, which resulted in considerable damage to her reputation since this statement was made in the presence of the executor of Harriet Kelly's will. His defense is that his statement was true.

In Action No. 2, plaintiff Peter Kelly accuses his brothers and their wives of exerting undue influence over his mother during her final illness, resulting in his exclusion from his inheritance under her will through the creation of a subsequent inter vivos trust and transferral of property benefitting his brothers and their wives.

Plaintiffs Roxanne Kelly and her husband Peter Kelly, reside in Florida, while the defendant Jeffrey Kelly and the additional defendants in Action No. 2 all reside in New York. Jeffrey Kelly resided in the Northern District of New York at the time of the telephone conference call, and at the time these cases were commenced, but he and his wife, defendant Linda Smythe Kelly no longer reside here. Defendants Stephen Kelly and his wife Susan M. Kelly reside in the Eastern District of New York. Harriet Kelly lived and died in Suffolk County in the Eastern District, and all of the events giving rise to Action No. 2 took place there.

As to a change in venue, defendant Jeffrey Kelly claims that since none of the parties or witnesses are now located in the Northern District, Action No. 1 should be transferred to the Southern District where it would be convenient for all parties and witnesses. Defendant argues that tremendous savings in costs to the witnesses to travel from New York to Albany would be achieved. Defendant observes that since the plaintiff lives in Florida, there would be no difference in cost for her to fly to New York City or to Albany, and there is no greater burden for her to allow the case to be transferred elsewhere.

Plaintiff Roxanne Kelly responds that Albany is more convenient for her since she could stay with friends there during the course of the trial, but she has no place to stay in New York City. She also claims to be afraid to travel to New York City. Further, plaintiff observes that the Northern District is the logical place for the case to be heard since the allegedly slanderous statement was made there, and the defendant resided there at the time the statement was made, and at the time the suit was filed.

As to the matter of consolidation, defendant Jeffrey Kelly claims that these two actions arise from the same events, and that they logically belong together. He points out that inconsistent verdicts could result from two separate trials on the same points. He claims that the two cases involve the same witnesses and events, and that two separate trials would require substantial duplication of discovery for both sides. Plaintiff Roxanne Kelly claims that these two matters are entirely separate and do not arise from the same events.

## III. DISCUSSION

### A. Change of Venue

The burden of proving that a matter should be moved from one district to another, rests with the movant. *Aquatic Amusement Associates, Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 56 (N.D.N.Y. 1990). The movant bears a heavy burden to show that a case should be heard in another forum, "for a plaintiff's choice of forum is accorded considerable weight, and will not be disturbed except upon a clear-cut showing that convenience and justice for all parties demands that the litigation proceed elsewhere." *First Fed. Sav. Bank v. Tazzia*, 696 F.Supp. 904, 910 (S.D.N.Y.1988) (citations and internal quotations omitted). In making its determination the court considers the following:

> "[T]he convenience of the parties; the convenience of the witnesses; the relative

1. There were five participants in the telephone conference call—the three Kelly brothers, and their mother's two attorneys who drew up her will. Peter Kelly (plaintiff's husband) was in Florida; defendant was in the Northern District of New York; Stephen Kelly (plaintiff's brother-in-law) was in the Eastern District of New York; and James B. Kilsheimer III, Esq. and Theodore Kaplan, Esq. (Harriet Kelly's attorneys in New York City) of the firm, Kaplan, Kilsheimer and Fox, were at their offices in the Southern District of New York.

ease of access to the sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; practical problems that make trial of a case easy, expeditious and inexpensive; and the interests of justice."

*Aquatic Amusement,* 734 F.Supp. at 56 (quoting *Vassallo v. Niedermeyer,* 495 F.Supp. 757, 759 (S.D.N.Y.1980)).

▮ A movant will not have sufficiently carried their burden merely by showing inconvenience to their own witnesses "[w]here convenience of witnesses weighs evenly on both sides." *P and JG Enters. v. Best W. Int'l,* 845 F.Supp. 84, 89 (N.D.N.Y.1994).

▮ In Action No. 1, the movant is unable to show any inconvenience that the plaintiff is not similarly required to bear in keeping this case in the Northern District. The parties in the telephone conference call were located in four different districts. No matter where the case is brought, someone will be inconvenienced. Since the alleged statement was made in the Northern District, and the sole defendant resided in the Northern District, it is as logical to bring the case there as the district in which the statement was heard. The movant has not advanced any argument which significantly outweighs the plaintiff's preference to bring her case in the forum of her choosing, especially in the district of the defendant's own residency.

### B. *Consolidation*

▮ Rule 42(a), Fed.R.Civ.P. empowers the court with broad discretion to consolidate or separate cases in the interests of judicial economy. In doing so, the court must balance the efficiency concerns against the potential for confusion or prejudice which may result from this move. *International Paving Sys. v. Van–Tulco, Inc.,* 806 F.Supp. 17, 22 (E.D.N.Y.1992); *see Atkinson v. Roth,* 297 F.2d 570, 575 (1961), consolidation of cases "burdened the parties, the court and the jury with an over complication of issues and necessary instructions." Where there is a common question of fact or law, cases may be joined in the interests of efficiency, but consolidation is by no means a necessity. *Rohm*

*& Haas Co. v. Mobil Oil Corp.,* 525 F.Supp. 1298, 1309 (1981).

Although such common issues are a prerequisite to consolidation, the mere existence of these issues does not require a joint trial as a matter of course. Instead the Court must balance the savings of time and effort gained through consolidation against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions.

*Id.*

▮ As noted above, the events giving rise to, and the nature of, these two actions are separate and distinct, and consolidation would serve no purpose other than perhaps the convenience of the attorney-witnesses who live in New York City. While the actions share some of the same witnesses, they do not share all, or even most of the same witnesses. The parties are not identical, and prejudice could result for the additional parties on both sides depending on the outcome. The issues are dissimilar. Action No. 1 is strictly a slander action, while Action No. 2 encompasses fraud, undue influence, and many other allegations. Consolidating, or even joining the two actions could create considerable confusion in the minds of a jury, and impose unnecessary burdens upon all sides.

### IV. *CONCLUSION*

Accordingly, it is

ORDERED that

1. Defendants' motion for a change of venue of Action No. 1 is DENIED; and

2. Defendants' motion to consolidate Action No. 1 and Action No. 2 is DENIED.