Kimberly BAILEY, Tikisha Buries, Shirley Dubose, Sheri Macon, and Jacqueline Pilate, Plaintiffs,

v.

The NORTHERN TRUST COMPANY, Defendant.

No. 99 C 8311.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 19, 2000.

Yvonne Owens, Owens & Associates, Chicago, IL, for plaintiffs.

Hans U. Stucki, Kristi L. Nelson, Freeman, Freeman & Salzman, P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Currently before the court is defendant's motion to sever plaintiffs' claims. For the following reasons, the court grants defendant's motion.

### I. BACKGROUND

The plaintiffs in this case are current or former employees of defendant, the Northern Trust Company ("Northern Trust"), who are or were employed in the Special Assets Division (the "Division") within the Northern Trust facility at 801 South Canal Street, Chicago, Illinois. Each plaintiff seeks relief for alleged race discrimination under 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991, and 42 U.S.C. § 1981.

Plaintiffs claim they were deprived of the terms, conditions and privileges of their employment in the Special Assets Division of Northern Trust. There is no allegation that the defendant had a common discriminatory practice or policy. Plaintiffs' complaint was not brought as a class action, and plaintiffs have made no effort to seek representative status or to certify any proposed class.

All plaintiffs are African–American females.[1] Prior to bringing the instant action, each plaintiff filed individual discrimination charges with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission's ("EEOC") office in Illinois. At the time of the alleged adverse

---

1. On September 5, 2000, the court granted counsel's motion to withdraw as counsel for plaintiff Buries and gave Buries until October 5, 2000 to retain counsel. Buries has not yet retained counsel and is currently proceeding *pro se,* but has not filed a response to defendant's motion. Therefore, the court includes her claim in its findings without the benefit of her response.

employment actions, the management structure of the Division resembled a pyramid: the Division was divided into "teams" comprised of several securities technicians, one or more team leaders, and a single section manager. (Pls.' Br. in Opp'n to Def.'s Mot. to Sever at 5.) Each team in turn reported to the Vice President & Division Manager, Penny Petersen.

Defendant now moves to sever the plaintiffs' claims into separate actions, asserting that the claims arise out of different transactions and occurrences, involving separate and distinct employment decisions allegedly made by different decision makers at different times. Meanwhile, plaintiffs argue that severance is inappropriate because the plaintiffs' race discrimination claims involve a common question of law—whether the defendant engaged in race discrimination and common questions of fact. Plaintiffs assert that common questions of fact exist because the claims arose from incidents occurring (1) during the same time period—1998–1999; (2) in the same department—the Special Assets Division; and (3) perpetuated by the same supervisory source—the Northern Trust Special Assets Division management team.

Specifically, defendant moves to sever the plaintiffs' claims, pursuant to Federal Rules of Civil Procedure 21 ("Rule 21") and 42(b) ("Rule 42(b)"). Defendant argues that plaintiffs' cases were improperly joined and must be severed under Rule 21. In the alternative, defendant argues that, even if plaintiffs cases are properly joined under Rule 21, sufficient reason exists to sever each plaintiff's case under Rule 42(b). In response, plaintiffs argue that joinder was proper under Federal Rule of Civil Procedure 20 ("Rule 20") because their claims arose out of a common "transaction, occurrence, or series of transactions or occurrences" and because there are "questions of law or fact common to all" the plaintiffs. FED.R.CIV.P. 20.

## II. *DISCUSSION*

Rule 20(a) provides for permissive joinder of plaintiffs if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all those persons will arise in the action." *Id.* Further, Rule 21 authorizes the court to dismiss any misjoined party or claim at any stage of a lawsuit. Parties of a lawsuit are misjoined when they fail to satisfy either of the preconditions for permissive joinder set forth in Rule 20(a). *See Gorence v. Eagle Food Centers, Inc.*, No. 93 C 4862, 1996 WL 734955, at *3 (N.D.Ill. Dec. 19, 1996) (citing *Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 53 FEP (BNA) Cas. 391, 401 (S.D.N.Y.1989); *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974)). Rule 42(b) provides that the court may, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," order separate trials of any claims or issues. Granting or denying severance lies within the trial court's sound discretion and is subject to appellate review only for clear abuse. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997); *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir.1993); *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir.1983); *Mosley*, 497 F.2d at 1332.

### A. *Misjoinder under Rule 20 and Rule 21*

For plaintiffs' cases to be properly joined, they must satisfy both requirements of Rule 20(a): (1) there must be a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences and (2) there must be a question of law or fact common to all the plaintiffs. *See Gorence*, 1996 WL 734955, at *3. In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case-by-case approach is generally pursued because no hard and fast rules have been established. *Id.* (citing *Mosley*, 497 F.2d at 1333 and *Grayson v. K–Mart Corp.*, 849 F.Supp. 785, 787 (N.D.Ga.1994)). Rule 20 should be construed in light of its purpose, which is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* Based upon the factual situation presented by the parties, the court finds that the plaintiffs' claims satisfy neither requirement for joinder under Rule

20(a) and, thus, their claims have been misjoined and must be severed.

### 1. *Common Transaction or Occurrence Requirement*

■ Defendant argues that plaintiffs' cases arise from distinct and unrelated employment actions taken by various management employees—team leaders and section managers. Accordingly, each adverse employment decision was an individualized transaction or occurrence, not part of some unified series of transactions or occurrences, and not amenable to joinder under Rule 20(a). Meanwhile, plaintiffs fail to argue that their claims arise from the same transaction or series of transactions, or demonstrate that the first prong of Rule 20(a) is satisfied. The court concludes that the "common transaction or occurrence" requirement of Rule 20(a) has not been satisfied.

The instant case involves five different plaintiffs. Although each plaintiff worked in the same department of Northern Trust, no single team leader or section manager is implicated in all five of the plaintiffs' claims. Rather, the employment actions complained of were made by different section managers and team leaders at different times over a period of at least fifteen months. The types of adverse employment actions are likewise varied—allegations include unequal pay, retaliation, unfair disciplinary warnings, increased job duties, job threats, discrimination in performance evaluations, wrongful termination, denial of promotional opportunities, and denial of training. Plaintiffs were employed in various positions as securities technicians and team leaders within different teams. There is no evidence either of a discrete policy that affected each plaintiff or of any causal link between a common and identifiable wrongful act on part of the defendant and the adverse actions taken with respect to each plaintiff. Even further, no plaintiff alleges that there was any relationship between their terminations.

All these facts demonstrate that these employment decisions hardly constitute a single action on the part of the defendant. *See Maclin v. Northern Telecom, Inc.*, No. 95 C 7485, 1996 WL 495558, (N.D.Ill. Aug. 28, 1996) (granting defendant's motion to sever plaintiffs' discrimination claims against common defendant because claims did not arise out of same transaction or occurrence); *Grayson*, 849 F.Supp. at 788–89 (granting defendant's motion to sever plaintiffs' age discrimination claims for failure to satisfy either the "common transaction or occurrence" requirement or the "common question of law or fact" requirement for joinder of claims); *accord Smith v. North Am. Rockwell Corp. Tulsa Div.*, 50 F.R.D. 515, 522 (N.D.Okla.1970).

Plaintiffs highlight the Division's pyramid-like management structure to support their theory that all the claims should remain joined. Plaintiffs allege that "there is a common core group of supervisory source that has knowledge of, involved in, caused and/or perpetuated the discriminatory conduct." (Pls.' Br. in Opp'n to Def.'s Mot. to Sever at 3.) The "supervisory source" plaintiffs refer to is the Vice President & Division Manager, Penny Petersen ("Petersen"), who supervised the section manager of each team. Plaintiffs assert that Petersen had "profound input into and considerable authorization over the employment decisions of which plaintiffs complain." (*Id.* at 6.) Specifically, plaintiffs claim Petersen made the team assignments, determined performance standards and salary policy, and distributed information regarding promotion procedures.

Plaintiffs' assertions are misplaced, however, because their claims do not allege any general discriminatory or illegal standard, policy or procedure—much less one enacted or implemented by Petersen. None of the plaintiffs challenge a particular standard, policy, or procedure of Northern Trust or of Petersen or claim that the alleged discrimination occurred as a result of a singular policy. *See Ahern v. Board of Educ.*, No. 92 C 4047, 1992 WL 297414, at *3 (N.D.Ill. Oct. 9, 1992) (denying defendant's motion to sever plaintiffs' discrimination claims because all the plaintiffs' claims derived from the plaintiffs' rights under defendant's "Implementation Plan," thus fulfilling the "same transaction" requirement of Rule 20(a)). Further, plaintiffs' assertions regarding Petersen's input are also unsupported as only two plain-

tiffs mention Petersen in any of their several allegations. Taking plaintiffs' reasoning regarding the common "supervisory source" to its logical end, every employment decision made within the Division would constitute one transaction or occurrence because every section manager or team leader is invariably subject to the Division's same general "supervisory source." Thus, under this reasoning, any group of aggrieved employees within the Division would be entitled to join its claims under Rule 20(a). The court declines to read the permissive joinder rules so broadly.

Even assuming, without deciding, that plaintiffs' evidence establishes a general hostility toward African–American employees, the court fails to see how such hostility transforms the decisions of the various managers with respect to each of the plaintiffs into one logical transaction or occurrence. Even if plaintiffs demonstrated—which they do not—that the defendant maintained a general bias toward African–American employees, this would fail to support joinder of their cases because "litigation of even any purported general policy of defendant, as it might affect each plaintiff here, would inevitably focus in detail on the separate work histories of each plaintiff." *Rockwell*, 50 F.R.D. at 522.

In sum, the court concludes that plaintiffs' claims involve discrete and individualized circumstances and do not constitute one logical transaction or occurrence or series of transactions or occurrences for purposes of Rule 20(a).

### 2. *Common Question of Law or Fact Requirement*

 Further, even if plaintiffs' claims satisfied the first requirement of Rule 20(a), the court finds that their claims fail to satisfy the second requirement of Rule 20(a) because no common question of law or fact exists among the plaintiffs' cases. Where there is a common question of fact or law, cases may be joined in the interests of efficiency, but consolidation is by no means a necessity. *Kelly v. Kelly*, 911 F.Supp. 66, 69 (N.D.N.Y.1996).

Although such common issues are a prerequisite to consolidation, the mere existence of these issues does not require a joint trial as a matter of course. Instead, the Court must balance the savings of time and effort gained through consolidation against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions.

*Id.* (quoting *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F.Supp. 1298, 1309 (D.C.Del. 1981)).

Although plaintiffs' claims rest upon the same general theory of law—race discrimination—this is not sufficient for purposes of Rule 20(a). *See Rockwell*, 50 F.R.D. at 524 (quoted in *Minasian v. Standard Chartered Bank, PLC*, No. 93 C 6131, 1994 WL 395178, at *3 (N.D.Ill. July 27, 1994)); *see also Johnson v. Indopco, Inc.*, 846 F.Supp. 670, 676 (N.D.Ill.1994) (severing plaintiffs' race discrimination claims because, although the claims "may share a common question of law, their overall claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences"). As detailed previously, each decision affecting the plaintiffs in these cases was a discrete act by the defendant. In fact, there is no evidence that the claims are related in any respect other than the fact that all the plaintiffs worked for Northern Trust and all the claims are based on race discrimination. *See Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 581 (E.D.N.Y.1999) (finding that such evidence is not sufficient to satisfy the requirements of Rule 20(a)). Because the factual and legal questions between the plaintiffs and the defendant are based upon wholly separate acts of the defendant with respect to each plaintiff, the second requirement of Rule 20(a) is not met, and the actions must be severed on this ground as well. *See Id.*

### B. *Separate Trials under Rule 42(b)*

 In the alternative, even if the court did not sever the claims under Rules 20 and 21, the claims should be tried separately under Rule 42(b). Defendant argues that, even if plaintiffs' cases were properly joined under Rule 20(a), it would be highly prejudicial to defendant for all the plaintiffs' cases to be presented to one jury. Plaintiffs fail to respond to defendant's argument regarding prejudice. Rather, plaintiffs argue that sev-

erance would cause undue delay, inconvenience to parties, and extraordinary expense of requiring multiple depositions and trial testimony of the same individuals. Having weighed the parties' arguments with respect to prejudice, convenience, judicial economy, and expense, the court concludes, that confusion to the jury and prejudice to the defendant offset any possible benefits of a joint trial. Even if plaintiffs' cases are properly joined, the extreme prejudice defendant would suffer from a joint trial warrants severance.

> Rule 42(b) provides in pertinent part:
>
> Separate Trials. The court, in furtherance of convenience or to avoid prejudice, ... may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right to trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

■ As with determinations under Rule 20(a), the court is given broad discretion to decide whether or not plaintiffs' cases should be tried separately. *Arroyo v. Chardon,* 90 F.R.D. 603, 605 (D.C.P.R.1981). In making its determination, "the trial court must balance the probable savings of time and effort against the likelihood that a party might be prejudiced, inconvenienced or put to extra expense." *Bernardi v. City of Scranton,* 101 F.R.D. 411, 413 (D.C.Pa.1983).

In this case, there are five different factual situations regarding work performance and employment decisions. A single trial would require the jury to keep separate each plaintiff's individualized claim and work history, presenting the jury with the "hopeless task of trying to discern who did and said what to whom and for what reason." *Moorhouse v. Boeing Co.,* 501 F.Supp. 390, 392 (E.D.Pa. 1980). The jury may simply resolve the confusion by considering all the evidence to pertain to all the plaintiffs' claims, even when it is relevant to only one plaintiff's case. There is tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus prejudicing defendant with respect to the other plaintiffs' claims. The need to focus the jury's attention on the merits of each individual plaintiff's case counsels against proceeding with these cases in one consolidated trial. Thus, the court concludes that it would be extremely prejudicial to the defendant if the claims of the plaintiffs are tried jointly.

While no prejudice can result to the plaintiffs if each claim is tried separately, the same cannot be said insofar as the defendant is concerned. The court concludes that, in view of the different facts pertinent to each of these claims, defendant would suffer extreme prejudice if the claims were tried together. The potential inconvenience and expense of separate trials do not outweigh to extreme prejudice to the defendant.

### C. *Other Pending Motions*

Currently pending before the court are plaintiffs' motions (1) to stay discovery; (2) to take in excess of ten depositions; and (3) to propound in excess of twenty-five interrogatories. Because the court grants defendant's motion to sever plaintiffs' claims, these three motions are denied.

### *CONCLUSION*

For the foregoing reasons, the court grants defendant's motion to sever. Accordingly, plaintiff Bailey is directed to file a Second Amended Complaint in this case. The claims of plaintiffs Buries, DuBose, Macon and Pilate are dismissed without prejudice, and these four plaintiffs are directed to file separate individual complaints with the clerk of the court by November 21, 2000. The court denies plaintiffs' motions to stay discovery, to take in excess of ten depositions, and to propound in excess of twenty-five interrogatories.