UNITED STATES of America, ex rel., Linda FINKS, and William Shanks, M.D., and State of Illinois, ex rel., Linda Finks, and William Shanks, M.D., Plaintiffs,

v.

Nurul HUDA, M.D., Malaz Safi, M.D., Sanjiev Lele, M.D., Wen Y. Chen, M.D. and Kirk Morey, M.D., Defendants.

No. 99–CV–108–WDS.

United States District Court, S.D. Illinois.

May 15, 2001.

Gerald M. Burke, Assistant U.S. Attorney, Fairview Heights, IL, Michael W. Maurizio, Ronald E. Osman, Ronald E. Osman & Associates, Ltd., Marion, IL, John T. Keller, Ronald E. Osman & Associates, Williamson County, Marion, IL, for plaintiffs.

Mark S. Peebles, Hotto & Peebles, Fairview Heights, IL, David J. Massa, Kathleen C. Reardon, Bryan Cave, Jason M. Rugo, Ronald E. Jenkins, Jenkins & Kling, Glenn E. Davis, Armstrong Teasdale LLP, St. Louis, MO, John E. Kerley, Schuering, Koratsky et al., Sangamon County, Springfield, IL, Philip L. Willman, Moser & Marsalek, St. Louis County, St. Louis, MO, for defendants.

### MEMORANDUM & ORDER

STIEHL, District Judge.

Before the Court are defendant Sanjeev Lele, M.D.'s motion to dismiss for lack of jurisdiction, and motion to sever. Also before the Court is defendant Kirk Morey, M.D.'s motion to dismiss for lack of personal jurisdiction, or in the alternative, to dismiss or transfer for improper venue. Appropriate responses have been filed by plaintiffs, and replies by defendants.

### BACKGROUND

On February 11, 1999, plaintiffs filed this *qua tam* action under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, against defendants Nurul Huda, M.D., Malaz Safi, M.D., Sanjeev Lele, M.D., Wen Y. Chen, M.D., and Kirk Morey, M.D. On August 20, 2000, the government filed a motion to intervene and to proceed with the action against Dr. Huda. This action has not been severed.

Count VII of the first amended complaint alleges that Dr. Lele conspired with Dr. Huda to defraud the United States by getting false or fraudulent claims allowed or paid, in violation of 31 U.S.C. § 3729(a)(3). Count VIII of the first amended complaint alleges that Dr. Morey similarly conspired with Dr. Huda, also in violation of § 3729(a)(3). Plaintiffs further allege that Dr. Huda is a licensed ophthalmologist in Illinois; operates an office in Illinois; provided medical and surgical services in East St. Louis, Illinois; and provided surgical services in Webster Groves and St. Louis, Missouri. The first amended complaint also alleges that Dr. Lele provided surgical services in St. Louis, Missouri, to a number of Dr. Huda's patients, and that Dr. Morey provided surgical services in Webster Groves, Missouri, to a number of Dr. Huda's patients.[1]

### ANALYSIS

Initially, both Dr. Lele and Dr. Morey claim that they do not maintain adequate minimum contacts with the relevant forum so as to allow this Court to exercise personal jurisdiction over them. Dr. Morey alternatively claims that the Southern District of Illinois is not the proper venue. In addition, Dr. Lele filed a separate motion to sever. Each defendant essentially puts forth the same primary legal argument regarding per-

---

1. Dr. Lele and Dr. Morey reside and are licensed ophthalmologists in the State of Missouri.

sonal jurisdiction, therefore the Court will address this argument first. Specifically, Drs. Lele and Morey claim that plaintiffs must show that defendants have minimum contacts with the state in which this Court sits (Illinois), rather than with the United States.

### 1. *Personal Jurisdiction and Venue*

■ In order for a federal court to exercise personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute confers jurisdiction by authorizing service of process on the defendant, and (2) whether the exercise of jurisdiction accords with due process requirements. *See United States v. De Ortiz,* 910 F.2d 376, 382–83 (7th Cir.1990) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)). It is undisputed that 31 U.S.C. § 3732(a) of the False Claims Act authorizes nationwide service of process.[2] Rather, Drs. Lele and Morey contest this Court's exercise of personal jurisdiction on due process grounds; specifically, they argue that plaintiffs must establish that defendants have minimum contacts with the State of Illinois, and that plaintiffs have failed to do so.

■ Neither the Supreme Court nor the Seventh Circuit has addressed the issue of the relevant forum (the United States or the state in which the federal court sits) on which to base a minimum contacts analysis under the False Claims Act. The Seventh Circuit, however, has addressed the issue of the relevant minimum contacts forum in relation to other federal statutes authorizing nationwide service of process, and concluded that a "national contacts" analysis is appropriate. *See, e.g., United Rope Distribs., Inc. v. Seatriumph Marine Corp.,* 930 F.2d 532, 534 (7th Cir.1991) (admiralty law); *Lisak v. Mercantile Bancorp., Inc.,* 834 F.2d 668, 671–72 (7th Cir.1987) (RICO); *Fitzsimmons v. Barton,* 589 F.2d 330, 332–34 (7th Cir.1979) (securi-

ties law). In a more recent case, the Seventh Circuit held that the nationwide service provision in ERISA, 29 U.S.C. § 1132(e)(2), is constitutional, and stated:

> Linking personal jurisdiction to a defendant's "contacts" with the forum developed in state litigation. Due process limitations on adjudication in state courts reflect not so much questions of convenience as of jurisdictional power. Barrow, Alaska, is farther from Juneau than Indianapolis is from Alexandria, and travel from Barrow to Juneau is much harder than is travel from Indianapolis to Alexandria (there are no highways and no scheduled air service from Barrow to anywhere), yet no one doubts that the Constitution permits Alaska to require any of its citizens to answer a complaint filed in Juneau, the state capital, just as the United States confines some kinds of federal cases to Washington, D.C., on the eastern seaboard. Conversely Kentucky's proximity to southern Indiana (Louisville would be more convenient for residents of New Albany than tribunals in Indianapolis) does not permit Kentucky to adjudicate the rights of people who have never visited that state or done business there; its sovereignty stops at the border. Limitations on sovereignty, and not the convenience of defendants, lie at the core of cases such as *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), and *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), and their many predecessors.
>
> No limitations on sovereignty come into play in federal courts when all litigants are citizens. It is one sovereign, the same "judicial Power," whether the court sits in Indianapolis or Alexandria.

*Board of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.,* 212 F.3d 1031, 1036 (7th Cir.2000); *see also Janmark, Inc. v. Reidy,* 132 F.3d 1200, 1201 (7th

---

2. Section 3732(a) states:

Any action arising under section 3730 may be brought in any judicial district in which the defendant, or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act

proscribed by section 3729 occurred. A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States.

Cir.1997) (district court must determine whether state in which it sits is authorized to exercise personal jurisdiction *unless a federal statute authorizes nationwide service,* see Fed.R.Civ.P. 4(k)(1)(D)). Consequently, the Court finds that defendants' argument on this issue is without merit. The proper forum on which to base a minimum contacts analysis in this case is the United States, and not the State of Illinois. Neither Dr. Lele nor Dr. Morey dispute the fact that the minimum contacts test is satisfied when the relevant forum is the United States.[3]

Dr. Morey moves, in the alternative, that the Court dismiss or transfer this action because venue in the Southern District of Illinois is improper. Dr. Morey first argues that venue is not proper because the government has intervened and will eventually sever any claims against Dr. Huda. Unless and until this occurs, however, a presumption that the government will seek to sever the claims against Dr. Huda is not an adequate basis for dismissal or transfer, thus, the Court finds that venue is proper in this district. Alternatively, Dr. Morey briefly argues that under Fed.R.Civ.P. 20(a), he was improperly joined in this action, and consequently asks that the Court dismiss, or sever and then transfer, the claim against him. For reasons discussed below, in relation to Dr. Lele's motion to sever, the Court finds that this argument is without merit.

### 2. *Motion to Sever*

Dr. Lele moves this Court to enter an order severing the sole claim against him from the plaintiffs' claims against the other doctors. Dr. Lele argues that plaintiffs have joined in one action parties and claims that do not arise out of the same transaction, occurrence, or series of transactions or occurrences; do not involve a common question of law or fact; and which, if considered together, would result in extreme prejudice to Dr. Lele.

■■■ "It is within the district court's broad discretion whether to sever a claim under Rule 21 [of the Federal Rules of Civil Procedure.]" *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir.2000).[4] Severance "may be granted when the claims do not arise out of the same transaction or occurrence or do not present common questions of fact" or law. *Bennett v. School Dirs. of Dist. 115,* 1996 WL 495555, at *3, 1996 U.S. Dist. LEXIS 12466, at *8 (N.D.Ill. August 26, 1996); Fed.R.Civ.P. 20(a).[5] "Rule 20 should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Bailey v. Northern Trust Co.,* 196 F.R.D. 513, 515 (N.D.Ill.2000) (internal citation omitted).

■■ In the instant case, plaintiffs have alleged facts implicating the existence of a conspiracy in which Dr. Lele participated. The first amended complaint sets forth the following similar allegations as to Dr. Lele, Dr. Safi, Dr. Chen, and Dr. Morey: that Dr. Huda paid each doctor a $200 surgery payment each time they performed a cataract extraction on one of Dr. Huda's patients; that Dr. Huda was not capable of performing the surgery; and that Dr. Huda submitted forms to Medicare on which he falsely certified that he had performed the extractions. The first amended complaint alleges that

---

3. Dr. Lele also argues briefly that this Court's exercise of personal jurisdiction is not fair and reasonable. The Court disagrees. As Dr. Lele admits, he will not be required to travel a significant distance to defend himself in this suit, and furthermore, the first amended complaint alleges that Dr. Lele conspired with a resident and licensed ophthalmologist of the State of Illinois. The same reasoning applies to Dr. Morey.

4. Fed.R.Civ.P. 21 states:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

5. Fed.R.Civ.P. 20(a) states in relevant part:

All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.

these actions comprise violations of, *inter alia,* § 3729(a)(3), Dr. Lele provides no controlling authority to support his argument that because the alleged violations occurred at different times, at different locations, and were committed by different doctors, the violations cannot be part of one overall conspiracy. Moreover, Dr. Lele's argument that the claims against him and the other doctors do not involve common questions of law or fact is simply not supported by the allegations in the complaint, nor by the very nature of a conspiracy claim.

 Dr. Lele also claims that he will be severely prejudiced should the Court deny his motion to sever. Rule 21 "gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.,* 754 F.2d 738, 743 (7th Cir. 1985). Dr. Lele presents no applicable legal support, but rather, merely argues that he may be presumed liable solely because of evidence against other defendants, and that the jury could associate Dr. Lele with the wrongful acts of other defendants. The Court finds that this argument is not sufficient to require severance of the claims against Dr. Lele. There are adequate protections from this type of spill-over effect in proper jury instructions.

Likewise, the Court rejects Dr. Lele's claims that the trial must be severed in order to avoid jury confusion and to promote judicial economy. While it is true that this case may require extensive discovery and limiting instructions, severance of the claims against Dr. Lele will not remedy the situation. Moreover, given the similarity of the allegations of fraudulent activity involving Dr. Huda and each of the other defendant doctors, the Court concludes that joinder will not compromise judicial economy or cause undue jury confusion.

### CONCLUSION

Accordingly, the Court **DENIES** defendant Sanjeev Lele's motion to dismiss for lack of personal jurisdiction (Doc. # 57), and motion to sever (Doc. # 55), and further **DE**-NIES defendant Kirk Morey's motion to dismiss for lack of personal jurisdiction, or in the alternative, motion to dismiss or transfer for improper venue (Doc. # 60).

**IT IS SO ORDERED.**